**Charles WILSON, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74953.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 23, 2007.

Frank H. Kim, Esq., San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Ila C. Deiss, USSF— Office of the U.S. Attorney, Kevin V. Ryan, U.S. Attorney's Office, San Francisco, CA, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Charles Wilson, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' ("BIA") decision that affirmed the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evi-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

dence, *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition.

Substantial evidence supports the BIA's adverse credibility determination based upon Wilson's vague and inconsistent testimony regarding the October 1998 incident. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1153 (9th Cir.1999) (the level of specificity in an applicant's testimony may affect his credibility); *see also Li,* 378 F.3d at 962 (an adverse credibility finding will be upheld so long as identified inconsistencies go to the heart of the asylum claim).

Because Wilson failed to satisfy the lower standard of proof for asylum, it necessarily follows that he failed to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Wilson's CAT claim is based on the same testimony that the BIA found not credible, and because he points to no other evidence that the BIA should have considered in making its CAT determination, substantial evidence supports the BIA's denial of CAT relief. *See id.* at 1157.

Finally, Wilson contends that the BIA's disregard of applicable case law denied him the right to due process of law. We disagree. The BIA's affirmance of the IJ's decision conforms to Ninth Circuit precedent. *See Singh–Kaur,* 183 F.3d at 1153; *see also Li,* 378 F.3d at 962.

**PETITION FOR REVIEW DENIED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.